1   MELISSA GOODMAN (NY SB # 4224333)*
    mgoodman@aclu.org
2   JAMEEL JAFFER (NY SB # 3064201)*
    jjaffer@aclu.org
3   L. DANIELLE TULLY (NY SB # 4334512)*
    dtully@aclu.org
4   American Civil Liberties Union Foundation
    125 Broad Street, 18th Floor
5   New York, NY 10004-2400
    Telephone: (212) 549-2500
6   Facsimile: (212) 549-2680

7   ANN BRICK (SB # 65296)
    abrick@aclunc.org
8   American Civil Liberties Union Foundation
        of Northern California, Inc.
9   39 Drumm Street
    San Francisco, CA 94111
10  Telephone: (415) 621-2493
    Facsimile: (415) 255-8437

CINDY COHN (SB # 145997)
cindy@eff.org
KURT OPSAHL (SB # 191303)
kurt@eff.org
MARCIA HOFMANN (SB # 250087)
marcia@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

11  Counsel for Plaintiffs
12  *Pro hac vice applications to be filed upon the assignment of this case to a judge.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE; AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION; AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, INC.; AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.; and ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL B. MUKASEY, in his official capacity as Attorney General of the United States; ROBERT S. MUELLER III, in his official capacity as Director of the Federal Bureau of Investigation; and ARTHUR M. CUMMINGS II, in his official capacity as Deputy Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation,<br><br>Defendants. | Case No. CV 07 6346 CW<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE CASE UNDER SEAL** |

ADMINISTRATIVE MOTION FOR LEAVE TO FILE CASE
UNDER SEAL

Plaintiffs Internet Archive ("the Archive"), American Civil Liberties Union, American Civil Liberties Union Foundation, American Civil Liberties Union of Northern California, Inc., American Civil Liberties Union Foundation of Northern California, Inc., and Electronic Frontier Foundation hereby move for leave to file the above-captioned case under seal.

On November 26, 2007, an agent of the Federal Bureau of Investigation ("FBI") served a National Security Letter ("November 2007 NSL") on the Archive through the Archive's counsel at the Electronic Frontier Foundation. The November 2007 NSL directed the Archive to disclose records pertaining to one of its patrons, and pursuant to 18 U.S.C. § 2709(c), expressly prohibited the Archive, its officers, employees, and agents from disclosing that the FBI had demanded information from it through the NSL.

This case challenges the facial and as-applied constitutionality of 18 U.S.C. §§ 2709 and 3511(b),(d), and (e) (collectively, "the NSL statute"). Section 2709 authorizes the FBI to issue national security letters ("NSLs") and to impose broad and effectively permanent non-disclosure obligations on those served with NSLs. Section 3511(b),(d), and (e) set forth the procedures and standards governing a challenge to a Section 2709(c) gag order. *See* 18 U.S.C. §§ 2709 & 3511, as amended by the USA PATRIOT Act, Pub. L. 107-56 ("Patriot Act"); by the USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109-177 ("PIRA"); and by the USA PATRIOT Act Additional Reauthorizing Amendments Act of 2006, Pub. L. 109-178 ("ARAA"). Plaintiffs seek, *inter alia*, a declaration that the NSL statute is unconstitutional on its face and as applied and an injunction prohibiting the FBI from issuing NSLs under the statute. Plaintiffs also seek a declaration that the November 2007 NSL is unconstitutional and an injunction prohibiting the FBI from enforcing it.[1]

Section 2709(c) allows the FBI to impose gag orders on any person or entity served with an NSL so long as the Director of the FBI or his designee "certifies" to himself or herself that, absent the gag, "there may result a danger to the national security of the United States, interference with a

---

[1] Plaintiffs note that simultaneously with the filing of the Complaint, plaintiff Internet Archive is filing a Petition to Set Aside the November 2007 NSL, pursuant to 18 U.S.C. § 3511(a), on the grounds that, in addition to being unconstitutional, Section 2709 does not apply to it.

-2-
ADMINISTRATIVE MOTION FOR LEAVE TO FILE CASE UNDER SEAL

criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." 18 U.S.C. § 2709(c)(1). Where the Director of the FBI or his designee so certifies, the recipient of the NSL is prohibited from "disclos[ing] to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request) that the [FBI] has sought or obtained access to information or records under [the NSL statute]." *Id.* The gag order extends to any person consulted in order to comply with the NSL, and to any attorney consulted for legal advice or assistance with respect to the request. *Id.*

As a result of the gag order imposed by the November 2007 NSL, plaintiffs are prohibited from disclosing even the mere fact that the FBI has served an NSL on the Archive. Violating the NSL-imposed gag order could subject plaintiffs to penalties.

Plaintiffs believe that the NSL statute's gag provisions, both facially and as applied, violate the First and Fifth Amendments, as well as the principle of separation of powers. In fact, the only court to have considered the constitutionality of the NSL statute's gag provisions has concluded that they violate the First Amendment and the principle of separation of powers, and that because those provisions are not severable, the entire statute is unconstitutional. *Doe v. Gonzales*, 500 F. Supp. 2d 379 (S.D.N.Y. 2007). Nevertheless, it appears that the filing of the Complaint on the public docket would violate the NSL statute's gag provision and the gag order imposed by the November 2007 NSL. Therefore, in order to avoid any legal penalties, plaintiffs believe that they are obligated to seek the Court's leave to file this suit initially under seal.

//
//
//
//
//
//
//

     Upon filing the Complaint, plaintiffs intend immediately to ask defendants for a stipulation to allow plaintiffs to disclose certain information about the case without violating 18 U.S.C. § 2709(c). If defendants agree to the stipulation, plaintiffs will immediately seek the Court's leave to unseal the case, and file on the public docket a redacted version of all sealed documents that have already been filed in the case. If defendants do not agree to the stipulation, plaintiffs may seek preliminary relief in order to unseal the case.

Respectfully submitted,

MELISSA GOODMAN
JAMEEL JAFFER
L. DANIELLE TULLY
American Civil Liberties Union Foundation
National Security Project

ANN BRICK
American Civil Liberties Union
Foundation of Northern California, Inc.

By: _____
    ANN BRICK
    Counsel for Plaintiffs


CINDY COHN
KURT OPSAHL
MARCIA HOFMANN
Electronic Frontier Foundation

By: _____
    MARCIA HOFMANN
    Counsel for Plaintiffs

DATED: December 14, 2007

-4-
ADMINISTRATIVE MOTION FOR LEAVE TO FILE CASE UNDER SEAL