MELISSA GOODMAN (NY SB # 4224333)
*mgoodman@aclu.org*
JAMBEL JAFFER (NY SB # 3064201) **R E C E I V E D**
*jjaffer@aclu.org*
L. DANIELLE TULLY (NY SB # 4334512) MAY - 1 2008
*dtully@aclu.org*
American Civil Liberties Union Foundation RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
125 Broad Street, 18th Floor NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
New York, NY 10004-2400
Telephone: (212) 549-2500
Facsimile: (212) 549-2680

*FILED*
*MAY - 1 2008*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

CINDY COHN (SB # 145997)
*cindy@eff.org*
KURT OPSAHL (SB # 191303)
*kurt@eff.org*

ANN BRICK (SB # 65296)
*abrick@aclunc.org*
American Civil Liberties Union Foundation
   of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

MARCIA HOFMANN (SB # 250087)
*marcia@eff.org*
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE; AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION; AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, INC.; AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC., and ELECTRONIC FRONTIER FOUNDATION,<br><br>                    Plaintiffs,<br><br>    v.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United States, *et al.*,<br><br>                    Defendants. | **JOINT ADMINISTRATIVE MOTION TO UNSEAL CASE**<br><br><br>Case No.  CV-07-6346-CW |

1    Plaintiffs Internet Archive ("the Archive"), American Civil Liberties Union,

2    American Civil Liberties Union Foundation, American Civil Liberties Union of Northern

3    California, Inc., American Civil Liberties Union Foundation of Northern California, Inc.,

4    and Electronic Frontier Foundation and Defendants Michael Mukasey, *et al.*, hereby

5    move to unseal the above-captioned case.

6        On November 26, 2007, an agent of the Federal Bureau of Investigation ("FBI")

7    served a National Security Letter ("November 2007 NSL") on the Archive through the

8    Archive's counsel at the Electronic Frontier Foundation.  The November 2007 NSL

9    directed the Archive to disclose records pertaining to one of its patrons, and pursuant to

10    18 U.S.C. § 2709(c), expressly prohibited the Archive, its officers, employees, and

11    agents from disclosing that the FBI had sought information from it through the NSL.

12        On December 14, 2007, plaintiffs filed a Complaint challenging the

13    constitutionality of 18 U.S.C. §§ 2709 and 3511 (collectively, "the NSL statute").

14    Simultaneously, plaintiff Internet Archive filed a Petition to Set Aside the November

15    2007 NSL pursuant to 18 U.S.C. § 3511(a).  Because the nondisclosure requirement

16    imposed by 18 U.S.C. § 2709(c) prohibited plaintiffs from disclosing the fact that the

17    FBI had served an NSL on the Archive, and because violating the nondisclosure

18    requirement could subject plaintiffs to penalties under that statute, plaintiffs sought leave

19    from the Court to file this case under seal.  Plaintiffs' motion was granted the same day.

20        On April 21, 2008, the parties entered into a settlement agreement

21    ("Agreement"), attached hereto as Exhibit A.  As part of that Agreement, the FBI agreed

22    to withdraw the November 2007 NSL, including the non-disclosure requirement.

23    Plaintiffs agreed to keep confidential and not publicly disclose the content of certain

24    portions of the November 2007 NSL, the Attachment, as well as certain redacted portions

25    of court filings in this case.  As part of the Agreement, the parties agreed to seek the

26    unsealing of the case, through a jointly filed administrative motion, within seven days of

27    plaintiffs' receipt of the FBI's letter withdrawing the NSL.

28

1    In accordance with the Agreement, on April 24, 2008, plaintiffs received a letter
2    from the FBI that withdrew the NSL and stated that the FBI would no longer seek to
3    enforce the NSL demand or the non-disclosure requirement.  The letter is attached hereto
4    as Exhibit B.  The letter also stated that the remaining non-disclosure obligation would
5    be governed exclusively by the Agreement.
6    Because the NSL and its non-disclosure obligations have now been withdrawn,
7    and thus the original rationale for sealing of this entire action has ceased, and pursuant to
8    the terms of the Agreement, the parties jointly move to unseal the case, but request that
9    the following, previously–filed documents and attachments thereto remain sealed: the
10   Complaint for Declaratory and Injunctive Relief; Memorandum of Points and Authorities
11   in Support of Petition of Plaintiff Internet Archive to Set Aside National Security Letter;
12   Declaration of Brewster Kahle; and Declaration of Kurt Opsahl.  These documents
13   contain information that the parties agreed would remain sealed.  The FBI has
14   determined that disclosure of the information in question would result in danger to the
15   national security of the United States, interference with a criminal, counterterrorism, or
16   counterintelligence investigation, interference with diplomatic relations, or danger to the
17   life or physical safety of a person.  Should the Court grant this motion, within three
18   calendar days, plaintiffs will file on the public docket, copies of the documents listed
19   above that have been redacted in accordance with the Settlement Agreement between the
20   parties.

21
Dated May 1, 2008
22
23
24   MELISSA GOODMAN N.Y.B.N. 4224333
     JAMEEL JAFFER N.Y.B.N. 3064201
25   L. DANIELLE TULLY N.Y.B.N. 4334512
     American Civil Liberties Union Foundation
26   125 Broad Street, 18th Floor
     New York, NY 10004-2400
27   (212) 549-2500 (telephone)

3
28

(212) 549-2680 (fax)
*mgoodman@aclu.org*

ANN BRICK C.S.B.N. 65296
American Civil Liberties Union Foundation
   of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493 (telephone)
(415) 255-8437 (fax)

CINDY COHN C.S.B.N. 145997
KURT OPSAHL C.S.B.N. 191303
MARCIA HOFMANN C.S.B.N. 250087
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 (telephone)
(415) 436-9993 (fax)

*Attorneys for Plaintiffs*

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO C.S.B.N. 145997
United States Attorney

SANDRA M. SCHRAIBMAN
Assistant Branch Director

STEVEN Y. BRESSLER D.C.B.N. 482492
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
(202) 514-4781 (telephone)
(202) 318-7609 (fax)

*Attorneys for Defendants*

4

JOINT ADMINISTRATIVE MOTION
TO UNSEAL CASE

# EXHIBIT A

1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO C.S.B.N. 44332
   United States Attorney
3  SANDRA SCHRAIBMAN
   Assistant Branch Director
4  STEVEN Y. BRESSLER D.C. Bar No. 482492
   Trial Attorney
5  United States Department of Justice
   Civil Division, Federal Programs Branch
6
   P.O. Box 883
7  Washington, D.C.  20044
   Telephone:  (202) 514-4781
8  Facsimile:  (202) 318-7609
   Email: Steven.Bressler@usdoj.gov
9
   Attorneys for Defendants Michael B. Mukasey, Attorney General of the United States, Robert S.
10 Mueller III, Director of the Federal Bureau of Investigation, and Arthur M. Cummings II, Deputy
   Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation
11
12                         UNITED STATES DISTRICT COURT
13                        NORTHERN DISTRICT OF CALIFORNIA
14
15 INTERNET ARCHIVE and AMERICAN      )   No. C 4:07-06346 CW
   CIVIL LIBERTIES UNION, et al.,     )
16                                    )   SETTLEMENT AGREEMENT
            Plaintiffs,               )
17                                    )   DOCUMENT FILED UNDER SEAL
       v.                             )   PURSUANT TO COURT ORDER DATED
18                                    )   DECEMBER 14, 2007
   MICHAEL B. MUKASEY, Attorney       )
19 General of the United States, et al., )
                                      )
20          Defendants.               )
                                      )
21 ——————————————————————————
22        This Settlement Agreement (hereinafter "the Agreement") is made between plaintiffs

23 Internet Archive, American Civil Liberties Union, American Civil Liberties Union Foundation,

24 American Civil Liberties Union of Northern California, Inc., American Civil Liberties Union

25 Foundation of Northern California, Inc., and Electronic Frontier Foundation (hereinafter

26 "plaintiffs") and defendants Michael B. Mukasey, Attorney General of the United States, Robert

27 S. Mueller III, Director of the Federal Bureau of Investigation (hereinafter "FBI"), and Arthur M.

28 Cummings II, Deputy Assistant Director of the Counterterrorism Division of the FBI (hereinafter

1    "defendants"), by and through their undersigned counsel.

2        WHEREAS plaintiffs and defendants desire to settle and compromise certain claims

3    between them, avoid further proceedings and expense, and resolve this matter under the terms set

4    forth below.

5        WHEREAS the plaintiffs have brought suit in the Northern District of California (No. C

6    4:07-06346 CW) against defendants.

7                          <u>AGREEMENTS</u>

8        The parties, by and through their undersigned counsel, hereby agree to the following:

9    1.    Within three (3) calendar days of the execution of this Agreement, a duly

10        authorized employee of the FBI shall contact Internet Archive in an appropriate

11        writing to withdraw the National Security Letter served on Internet Archive that is

12        the subject of plaintiffs' suit in the Northern District of California, No. C 4:07-

13        06346 CW, against defendants (hereinafter "NSL"). The letter shall state that the

14        NSL is withdrawn; that the FBI will not seek to enforce the NSL, including its

15        non-disclosure requirement; and that the remaining nondisclosure obligations are

16        governed exclusively by the terms of this Agreement.

17    2.    Notwithstanding withdrawal of the NSL, plaintiffs, their employees and

18        representatives shall keep confidential and not publicly disclose the content of

19        those portions of the NSL and the Attachment that was sent to Internet Archive

20        with the NSL that are redacted in the copy of the NSL and Attachment that is

21        Exhibit A hereto. The individual employees of plaintiffs who have seen the

22        content of those redacted portions of the NSL also shall not disclose them to any

23        other employees of plaintiffs, except to (a) counsel of record in Northern District

24        of California Case No. C 4:07-06346 CW and other attorneys, secretaries,

25        assistants, and employees of plaintiffs who work with counsel of record to the

26        extent reasonably necessary to render professional services in that case or with

27        respect to this Agreement, or (b) those to whom such disclosure is necessary to

28        comply with the terms of this Agreement or an attorney to obtain legal advice or

1   legal assistance with respect to this Agreement.  Such a disclosure may be made to

2   someone not a party to this Agreement only after that individual is informed of,

3   and agrees to, the nondisclosure obligations imposed by this Agreement by

4   endorsing a complete copy of this Agreement with his or her signature and the

5   statement "I agree to be bound by the nondisclosure obligations imposed by this

6   Settlement Agreement and consent to the personal jurisdiction of the U.S. District

7   Court for the Northern District of California for purposes of enforcing the

8   nondisclosure terms of the Agreement."  Counsel for the respective parties shall

9   retain copies of the Agreement so endorsed until such time as the FBI has

10  permitted to expire the certification described in Paragraph 13 or the Court has set

11  the certification aside as provided under Paragraphs 13 and/or 14.

12  3.   Within seven calendar days of plaintiffs' receipt of the writing described in

13  paragraph 1 signifying withdrawal of the NSL, the parties shall file a joint

14  administrative motion to unseal Northern District of California Case No. C 4:07-

15  06346 CW, except that the following, previously-filed documents and attachments

16  thereto shall remain sealed: the Complaint for Declaratory and Injunctive Relief;

17  Memorandum of Points and Authorities in Support of Petition of Plaintiff Internet

18  Archive to Set Aside National Security Letter; Declaration of Brewster Kahle; and

19  Declaration of Kurt Opsahl.  Upon entry of an order unsealing the case, within

20  three calendar days the plaintiffs may file the public, redacted versions of those

21  documents that are Exhibit B hereto.

22  4.   The parties, their employees and representatives shall keep confidential and not

23  publicly disclose the content of those portions of the parties' filings in Northern

24  District of California Case No. C 4:07-06346 CW that remain redacted in Exhibit

25  B hereto. The individual employees of plaintiffs who have seen the content of

26  those redacted portions of the filings also shall not disclose them to any other

27  employees of plaintiffs, except to (a) counsel of record in Northern District of

28  California Case No. C 4:07-06346 CW and other attorneys, secretaries, assistants,

1    and employees of plaintiffs who work with counsel of record to the extent
2    reasonably necessary to render professional services in that case or with respect to
3    this Agreement, or (b) those to whom such disclosure is necessary to comply with
4    the terms of this Agreement or an attorney to obtain legal advice or legal
5    assistance with respect to this Agreement.  Such a disclosure may be made to
6    someone not a party to this Agreement only after that individual is informed of,
7    and agrees to, the nondisclosure obligations imposed by this Agreement by
8    endorsing a complete copy of this Agreement with his or her signature and the
9    statement "I agree to be bound by the nondisclosure obligations imposed by this
10   Settlement Agreement and consent to the personal jurisdiction of the U.S. District
11   Court for the Northern District of California for purposes of enforcing the
12   nondisclosure terms of the Agreement."  Counsel for the respective parties shall
13   retain copies of the Agreement so endorsed until such time as the FBI has
14   permitted to expire the certification described in Paragraph 13 or the Court has set
15   the certification aside as provided under Paragraphs 13 and/or 14.

16   5.    Within three days of entry of the Court's order granting the parties' administrative
17         motion described in paragraph 3, assuming the Court grants that motion, the
18         parties shall stipulate and consent to the entry of an order dismissing, with
19         prejudice, Northern District of California Case No. C 4:07-06346 CW, that also
20         recites as follows: "Pursuant to the Agreement of the parties, as indicated by their
21         signatures through counsel below, this action is dismissed with prejudice,
22         provided, however, that the Court shall retain exclusive jurisdiction over this
23         action for purposes of resolving any disputes that may arise in the future regarding
24         the Settlement Agreement between the parties, its terms or the enforcement
25         thereof."

26   6.    Nothing in this Agreement prohibits plaintiffs from publicly discussing in good
27         faith the services Internet Archive provides, the kinds of material that can
28         generally be uploaded to Internet Archive, and the kinds of public and non-public

1    information it generally retains about those who access or upload materials to

2    Internet Archive. Nothing in this Agreement prohibits plaintiffs from publicly

3    disclosing that the NSL sought information about a user of the Archive.

4    7.    Nothing in this Agreement prohibits plaintiffs from (1) acknowledging that they

5    have seen the redacted portions of the Attachment provided with the NSL served

6    on Internet Archive and (2) stating their view regarding whether the redacted

7    portions of that Attachment describe only non-content information.

8    8.    Plaintiffs may release and publicly discuss the contents of those portions of their

9    letter to the FBI dated December 17, 2007, that are not redacted in the copy of the

10    letter that is Exhibit C hereto. Plaintiffs shall keep confidential, and not publicly

11    discuss, the information redacted from the letter that is Exhibit C. The individual

12    employees of plaintiffs who have seen the content of those redacted portions of

13    Exhibit C also shall not disclose them to any other employees of plaintiffs, except

14    to (a) counsel of record in Northern District of California Case No. C 4:07-06346

15    CW and other attorneys, secretaries, assistants, and employees of plaintiffs who

16    work with counsel of record to the extent reasonably necessary to render

17    professional services in that case or with respect to this Agreement, or (b) those to

18    whom such disclosure is necessary to comply with the terms of this Agreement or

19    an attorney to obtain legal advice or legal assistance with respect to this

20    Agreement. Such a disclosure may be made to someone not a party to this

21    Agreement only after that individual is informed of, and agrees to, the

22    nondisclosure obligations imposed by this Agreement by endorsing a complete

23    copy of this Agreement with his or her signature and the statement "I agree to be

24    bound by the nondisclosure obligations imposed by this Settlement Agreement

25    and consent to the personal jurisdiction of the U.S. District Court for the Northern

26    District of California for purposes of enforcing the nondisclosure terms of the

27    Agreement." Counsel for the respective parties shall retain copies of the

28    Agreement so endorsed until such time as the FBI has permitted to expire the

1    certification described in Paragraph 13 or the Court has set the certification aside
2    as provided under Paragraphs 13 and/or 14.

3    9.    This Agreement does not constitute, and may not be construed as, a determination
4          or an admission of a violation of any law, rule, regulation, policy, or contract by
5          defendants, the truth of any allegation made in this matter, or the validity of any
6          claim asserted in this matter.  This Agreement does not constitute, and may not be
7          construed as, a determination or an admission that defendants are liable in this
8          matter or that plaintiffs are a prevailing party.

9    10.   This Settlement Agreement constitutes the entire agreement of the parties, and no
10         prior statement, representation, agreement, or understanding, oral or written, that
11         is not contained herein (including the exhibits thereto), will have any force or
12         effect.

13   11.   The parties and their counsel shall make every reasonable effort to remedy any
14         disclosure of information redacted from the exhibits hereto (hereinafter "Protected
15         Information").  However, nothing in this Agreement requires plaintiffs to oppose a
16         motion by a non-party to unseal court records in this case.

17   12.   If any Protected Information becomes public through an official and documented
18         disclosure by the federal government or a disclosure by a non-party, plaintiffs
19         shall be free to file a motion under seal for the Court to unseal the pertinent
20         portions of the documents filed in Northern District of California Case No. C
21         4:07-06346 CW, after meeting and conferring with defendants.  Defendants shall
22         be free to oppose any such motion.  If such portions are unsealed through a motion
23         as described in this paragraph, plaintiffs may publicly disclose and discuss their
24         contents.

25   13.   On December 1, 2008, the nondisclosure requirement with respect to Protected
26         Information shall cease, unless the Director of the FBI, or his designee in a
27         position not lower than Deputy Assistant Director at FBI headquarters or a Special
28         Agent in Charge in a FBI field office designated by the Director, certifies to the

1    Court that otherwise there may result a danger to the national security of the

2    United States, interference with a criminal, counterterrorism, or

3    counterintelligence investigation, interference with diplomatic relations, or danger

4    to the life or physical safety of any person. If the Director or his designee so

5    certifies, the nondisclosure requirements of this Agreement with respect to

6    Protected Information shall continue for an additional year. If plaintiffs thereafter,

7    and after meeting and conferring with defendants, request an additional

8    certification each year following the prior certification, the certification described

9    in this Paragraph may be made thereafter to continue the nondisclosure

10    requirements from year to year, if necessary. If the Director or his designee so

11    certifies, plaintiffs, after meeting and conferring with defendants, may, on or after

12    December 1, 2012, ask the Court to modify or set aside the nondisclosure

13    obligation with respect to Protected Information. Such a review by the Court

14    under this Agreement would be conducted pursuant to the terms of 18 U.S.C.

15    § 3511(b).

16    14.    Notwithstanding paragraph 13 above, if the nondisclosure provisions of 18 U.S.C.

17         § 2709 and/or 18 U.S.C. § 3511 are found unconstitutional or enjoined on First

18         Amendment grounds by the U.S. Supreme Court or the U.S. Court of Appeals for

19         the Ninth Circuit in a final, non-appealable order, or by another court of the

20         United States in a final, non-appealable order that binds the FBI in the Northern

21         District of California, the nondisclosure requirement with respect to Protected

22         Information shall cease one year after the date of this Agreement, unless the

23         Director of the FBI, or his designee in a position not lower than Deputy Assistant

24         Director at FBI headquarters or a Special Agent in Charge in a FBI field office

25         designated by the Director, certifies to the Court that otherwise there may result a

26         danger to the national security of the United States, interference with a criminal,

27         counterterrorism, or counterintelligence investigation, interference with

28         diplomatic relations, or danger to the life or physical safety of any person, and the

Court determines that the non-disclosure requirement remains appropriate under the appropriate standard of review.

15. This Agreement may be enforced by the parties only through civil proceedings before the U.S. District Court for the Northern District of California, and such proceedings are the exclusive means for enforcing the Agreement. Any violation of this Agreement, including the release of Protected Information, may be considered by the Court for purposes of determining whether it should impose sanctions and/or for purposes of determining whether the matter should be referred for appropriate disciplinary proceedings.

16. This Settlement Agreement may not be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision be waived other than by a written waiver signed by the parties.

17. Each party shall bear its own fees and costs in Northern District of California Case No. C 4:07-06346 CW.

18. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

1  Dated April 21, 2008

2        JEFFREY S. BUCHOLTZ
       Acting Assistant Attorney General
3
       JOSEPH P. RUSSONIELLO C.S.B.N. 44332
4      United States Attorney

5      SANDRA M. SCHRAIBMAN
       Assistant Branch Director
6

7      _____
       STEVEN Y. BRESSLER D.C. Bar #482492
8      Trial Attorney
       U.S. Department of Justice
9      Civil Division, Federal Programs Branch
       P.O. Box 883
10     Washington, D.C. 20044
       (202) 514-4781 (telephone)
11     (202) 318-7609 (fax)

12     *Attorneys for Defendants*

13

14     _____
       MELISSA GOODMAN N.Y. SB# 422433
15     JAMEEL JAFFER N.Y. SB# 3064201
       L. DANIELLE TULLY N.Y. SB# 4334512
16     American Civil Liberties Union Foundation
       125 Broad St., 18th Floor
17     New York, NY 10004-2400
       (212) 549-2500 (telephone)
18     (212) 549-2680 (fax)
       mgoodman@aclu.org
19
       ANN BRICK C.S.B.N. 65296
20     American Civil Liberties Union Foundation
           of Northern California, Inc.
21     39 Drumm St.
       San Francisco, CA 94111
22     (415) 621-2493 (telephone)
       (415) 255-8437 (fax)
23
       CINDY COHN C.S.B.N. 145997
24     KURT OPSAHL C.S.B.N. 191303
       MARCIA HOFMANN C.S.B.N. 250087
25     Electronic Frontier Foundation
       454 Shotwell St.
26     San Francisco, CA 94110
       (415) 436-9333 (telephone)
27     (415) 436 9993 (fax)

28     *Attorneys for Plaintiffs*

# EXHIBIT B



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

April 22, 2008

Mr. Kurt Opsahl
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Re: Internet Archive, et al. v. Michael B. Mukasey, et al.; 07-6346 (N.D. Cal.)

Dear Mr. Opsahl:

This letter confirms, on behalf of the Federal Bureau of Investigation (the "FBI"), that the FBI will and hereby does withdraw the National Security Letter delivered to your client, Internet Archive, by FBI personnel on or about November 26, 2007 (the "NSL"), and will not seek to enforce such NSL. The NSL has been challenged by your client in the above-referenced litigation, currently pending in the United States District Court for the Northern District of California. In connection with its decision not to seek enforcement of the demand for information stated in the NSL, the FBI also will not seek to enforce non-disclosure pursuant to 18 U.S.C. § 2709(c)(1) with regard to the contents of that letter, but rather non-disclosure obligations are governed by the terms of the settlement agreement to this case.

As part of the settlement of the case, the parties have agreed to keep confidential and not disclose certain portions of the NSL and Attachment, as well as portions of other documents, as set forth in the parties' settlement agreement dated April 22, 2008.

Should you have any questions in this regard, please contact the FBI's litigation counsel at the U.S. Department of Justice, Trial Attorney Steven Bressler, at (202) 514-4781.

Sincerely,

James W. McJunkin
Deputy Assistant Director
Counterterrorism Division
Federal Bureau of Investigation