MELISSA GOODMAN (NY SB # 4224333)*
mgoodman@aclu.org
JAMEEL JAFFER (NY SB # 3064201)*
jjaffer@aclu.org
L. DANIELLE TULLY (NY SB # 4334512)*
dtully@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004-2400
Telephone: (212) 549-2500
Facsimile: (212) 549-2680

ANN BRICK (SB # 65296)
abrick@aclunc.org
American Civil Liberties Union Foundation
   of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

CINDY COHN (SB # 145997)
cindy@eff.org
KURT OPSAHL (SB # 191303)
kurt@eff.org
MARCIA HOFMANN (SB # 250087)
marcia@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Counsel for Petitioner
*Pro hac vice applications to be filed upon the assignment of this case to a judge.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE; AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION; AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, INC.; AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.; and ELECTRONIC FRONTIER FOUNDATION, <br><br>Plaintiffs, <br><br>v. <br><br>MICHAEL B. MUKASEY, in his official capacity as Attorney General of the United States; ROBERT S. MUELLER III, in his official capacity as Director of the Federal Bureau of Investigation; and ARTHUR M. CUMMINGS II, in his official capacity as Deputy Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation, <br><br>Defendants. | Case No. _____ 6946 <br><br>DECLARATION OF KURT OPSAHL IN SUPPORT OF PETITION TO SET ASIDE NATIONAL SECURITY LETTER <br><br>DOCUMENT SUBMITTED UNDER SEAL |

I, Kurt Opsahl, declare as follows:

1. I am a Senior Staff Attorney at the Electronic Frontier Foundation ("EFF"), and a member in good standing of the California State Bar, and am admitted to practice before this Court. Except as otherwise indicated, I have personal knowledge of the matters stated in this declaration and, if called upon to do so, am competent to testify to all matters set forth herein.

2. EFF is a non-profit civil liberties organization working to protect rights in the digital world. EFF actively encourages and challenges industry and government to support free expression and privacy in the information society. Founded in 1990, EFF is based in San Francisco.

3. I, along with other attorneys at EFF, represent the Internet Archive ("the Archive") on various legal matters.

4. In June of 2007, Special Agent Scott Rakowitz of the San Francisco office of the Federal Bureau of Investigation scheduled a liaison meeting with our office because of our role as counsel to the Archive. The meeting took place in July of 2007 at the EFF office, with Special Agent Rakowitz and Supervisory Special Agent Chuck Esposito. As I recall, the meeting also included my colleagues Staff Attorney Kevin Bankston and Legal Director Cindy Cohn. No employee of the Archive was present. At that we meeting, we agreed that EFF would accept service on behalf of the Archive of legal process from the United States. We also discussed the Archive generally, providing an overview of the Archive's operation and how little information the Archive maintains.

5. On Monday, November 26, 2007, I received a voicemail message from Supervisory Special Agent ███. I am informed and believe that similar messages were left with my colleagues Senior Staff Attorney Lee Tien and Kevin Bankston. The messages informed us that an FBI agent would be coming by our office that day. I am informed and believe that my colleague Kevin Bankston returned the message and spoke with Supervisory Special Agent ███ learning that an FBI special agent would be serving a National Security Letter at our offices.

6. Later that morning, Special Agent ███ arrived at our office and met with Mr. Bankston. At that time, Special Agent ███ served a National Security Letter ("NSL") on Mr. Bankston as a representative of the Archive.

-1-
DECLARATION OF KURT OPSAHL

7. The NSL, dated November 19, 2007, is printed on FBI letterhead and signed by Arthur M. Cummings II, Deputy Assistant Director Counterterrorism Division.

8. On Tuesday, November 27, 2007, I brought the November 2007 NSL to the Archive and showed it to Brewster Kahle, Chairman of the Board of Directors as well as one of its Digital Librarians. Marcia Hoffman, another EFF staff attorney, also attended that meeting.

9. The NSL directed the Archive to provide information about one of its patrons. Specifically, the NSL states that the Archive is "hereby directed to provide the [FBI] the subscriber's name, address, length of service, and electronic communication transactional records, to include existing transaction/activity logs and all electronic mail (e-mail) header information (not to include message content and/or subject fields)" pertaining to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The NSL also includes a certification that "the information sought is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities."

10. Attached hereto as Exhibit A is a true and correct copy of the NSL.

11. I am informed and believe that on Wednesday, November 28, 2007, Special Agent ▮▮▮ left a message for Mr. Bankston inquiring about the status of the Archive's response.

12. Later that day, I spoke with Special Agent ▮▮▮ on the telephone and informed him (1) that pursuant to Section 2709(c)(4), the Archive would be bringing in additional counsel; and (2) that the Archive was reviewing and considering the NSL.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed in San Francisco, California.

DATED: December 7, 2007

By _____
Kurt Opsahl

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

935 Pennsylvania Ave., N.W.
Washington, D.C. 20535

November 19, 2007

Internet Archive
116 Sheridan Avenue
San Francisco, California

To whom it may concern:

Under the authority of Executive Order 12333, dated December 4, 1981, and pursuant to Title 18, United States Code (U.S.C.), Section 2709 (Section 201 of the Electronic Communications Privacy Act of 1986) (as amended, October 26, 2001), you are hereby directed to provide to the Federal Bureau of Investigation (FBI) the subscriber's name, address, length of service, and electronic communication transactional records, to include existing transaction/activity logs and all electronic mail (e-mail) header information (not to include message content and/or subject fields), for the below-listed address holders:



Please see the attachment following this letter for the types of information that you might consider to be a electronic communications transactional record. We are not directing that you should provide, and you should not provide, information pursuant to this letter that would disclose the content of any electronic communication. Title 18, U.S.C., Section 2510(8) defines content as "any information concerning the substance, purport, or meaning of" a communication. Subject lines of e-mails and message content are content information and should not be provided pursuant to this letter.

If the time period noted above is to the "present," that term is intended to direct production of information to the date of the processing of this letter. If providing information to the date of processing is not feasible, please provide information to the date of receipt of this letter.

While fulfilling your obligations under this letter, please do not disable, suspend, lock, cancel or interrupt service to the above-described subscriber(s) or accounts. A service interruption or degradation may alert the subscriber(s)/account users(s) that investigative action is being taken. If you are not able to fulfill your obligations under this letter without alerting the subscriber/account user, please contact the FBI prior to proceeding.

In accordance with Title 18, U.S.C., Section 2709(b), I certify that the information sought is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities, and that such an investigation of a United States person is not conducted solely on the basis of activities protected by the First Amendment to the Constitution of the United States.

In accordance with 18 U.S.C. § 2709(c)(1), I certify that a disclosure of the fact that the FBI has sought or obtained access to the information sought by this letter may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person. Accordingly, 18 U.S.C. § 2709(c)(1) and (2) prohibits you, or any officer, employee, or agent of yours, from disclosing this letter, other than to those to whom disclosure is necessary to comply with the letter or to an attorney to obtain legal advice or legal assistance with respect to this letter.

In accordance with 18 U.S.C. § 2709(c)(3), you are directed to notify any persons to whom you have disclosed this letter that they are also subject to the nondisclosure requirement and are therefore also prohibited from disclosing the letter to anyone else.

In accordance with 18 U.S.C. § 2709(c)(4), if the FBI asks for the information, you should identify any person to whom such disclosure has been made or to whom such disclosure will be made. In no instance will you be required to identify any attorney to whom disclosure was made or will be made in order to obtain legal advice or legal assistance with respect to this letter.

In accordance with 18 U.S.C. § 3511(a) and (b)(1), you have a right to challenge this letter if compliance would be unreasonable, oppressive, or otherwise unlawful and the right to challenge the nondisclosure requirement set forth above.

In accordance with 18 U.S.C. § 3511(c), an unlawful failure to comply with this letter, including any nondisclosure requirement, may result in the United States bringing an enforcement action.

You are requested to provide records responsive to this request personally to a representative of the FBI ▓▓▓▓▓▓▓▓▓▓ or through use of a delivery service or through secure fax within fourteen (14) business days of receipt of this letter.

Any questions you have regarding this request should be directed only to the FBI ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ depending on whether the service is personal or through a delivery service. Due to security considerations, you should neither send the records through routine mail nor disclose the substance of this request in any telephone conversation.

Your cooperation in this matter is greatly appreciated.

Sincerely,

Arthur M. Cummings II
Deputy Assistant Director
Counterterrorism Division

2

## ATTACHMENT

In preparing your response to this National Security Letter, you should determine whether your company maintains the following types of information which may be considered by you to be an electronic communications transactional record in accordance with Title 18 United States Code Section 2709.



- Any other information which you consider to be an electronic communication transactional record

We are not directing that you should provide, and you should not provide, information pursuant to this letter that would disclose the content of any electronic communication as defined in Title 18 United States Code Section 2510(8). Subject lines of e-mails are content information and should not be provided pursuant to this letter. If the records provided are particularly large we request that you provide this information in electronic format preferably on a CR-ROM or DVD.

3