JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO C.S.B.N. 44332
United States Attorney
SANDRA SCHRAIBMAN
Assistant Branch Director
STEVEN Y. BRESSLER D.C. Bar No. 482492
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-4781
Facsimile: (202) 318-7609
Email: Steven.Bressler@usdoj.gov

Attorneys for Defendants Michael B. Mukasey, Attorney General of the United States, Robert S. Mueller III, Director of the Federal Bureau of Investigation, and Arthur M. Cummings II, Deputy Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET ARCHIVE and AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States, et al.,<br><br>Defendants. | No. C 4:07-06346 CW<br><br>**SETTLEMENT AGREEMENT**<br><br>**DOCUMENT FILED UNDER SEAL PURSUANT TO COURT ORDER DATED DECEMBER 14, 2007** |

This Settlement Agreement (hereinafter "the Agreement") is made between plaintiffs Internet Archive, American Civil Liberties Union, American Civil Liberties Union Foundation, American Civil Liberties Union of Northern California, Inc., American Civil Liberties Union Foundation of Northern California, Inc., and Electronic Frontier Foundation (hereinafter "plaintiffs") and defendants Michael B. Mukasey, Attorney General of the United States, Robert S. Mueller III, Director of the Federal Bureau of Investigation (hereinafter "FBI"), and Arthur M. Cummings II, Deputy Assistant Director of the Counterterrorism Division of the FBI (hereinafter

*Case No. C 4:07-06346 CW*
*Settlement Agreement*

"defendants"), by and through their undersigned counsel.

WHEREAS plaintiffs and defendants desire to settle and compromise certain claims between them, avoid further proceedings and expense, and resolve this matter under the terms set forth below.

WHEREAS the plaintiffs have brought suit in the Northern District of California (No. C 4:07-06346 CW) against defendants.

## AGREEMENTS

The parties, by and through their undersigned counsel, hereby agree to the following:

1. Within three (3) calendar days of the execution of this Agreement, a duly authorized employee of the FBI shall contact Internet Archive in an appropriate writing to withdraw the National Security Letter served on Internet Archive that is the subject of plaintiffs' suit in the Northern District of California, No. C 4:07-06346 CW, against defendants (hereinafter "NSL"). The letter shall state that the NSL is withdrawn; that the FBI will not seek to enforce the NSL, including its non-disclosure requirement; and that the remaining nondisclosure obligations are governed exclusively by the terms of this Agreement.

2. Notwithstanding withdrawal of the NSL, plaintiffs, their employees and representatives shall keep confidential and not publicly disclose the content of those portions of the NSL and the Attachment that was sent to Internet Archive with the NSL that are redacted in the copy of the NSL and Attachment that is Exhibit A hereto. The individual employees of plaintiffs who have seen the content of those redacted portions of the NSL also shall not disclose them to any other employees of plaintiffs, except to (a) counsel of record in Northern District of California Case No. C 4:07-06346 CW and other attorneys, secretaries, assistants, and employees of plaintiffs who work with counsel of record to the extent reasonably necessary to render professional services in that case or with respect to this Agreement, or (b) those to whom such disclosure is necessary to comply with the terms of this Agreement or an attorney to obtain legal advice or

legal assistance with respect to this Agreement. Such a disclosure may be made to someone not a party to this Agreement only after that individual is informed of, and agrees to, the nondisclosure obligations imposed by this Agreement by endorsing a complete copy of this Agreement with his or her signature and the statement "I agree to be bound by the nondisclosure obligations imposed by this Settlement Agreement and consent to the personal jurisdiction of the U.S. District Court for the Northern District of California for purposes of enforcing the nondisclosure terms of the Agreement." Counsel for the respective parties shall retain copies of the Agreement so endorsed until such time as the FBI has permitted to expire the certification described in Paragraph 13 or the Court has set the certification aside as provided under Paragraphs 13 and/or 14.

3. Within seven calendar days of plaintiffs' receipt of the writing described in paragraph 1 signifying withdrawal of the NSL, the parties shall file a joint administrative motion to unseal Northern District of California Case No. C 4:07-06346 CW, except that the following, previously-filed documents and attachments thereto shall remain sealed: the Complaint for Declaratory and Injunctive Relief; Memorandum of Points and Authorities in Support of Petition of Plaintiff Internet Archive to Set Aside National Security Letter; Declaration of Brewster Kahle; and Declaration of Kurt Opsahl. Upon entry of an order unsealing the case, within three calendar days the plaintiffs may file the public, redacted versions of those documents that are Exhibit B hereto.

4. The parties, their employees and representatives shall keep confidential and not publicly disclose the content of those portions of the parties' filings in Northern District of California Case No. C 4:07-06346 CW that remain redacted in Exhibit B hereto. The individual employees of plaintiffs who have seen the content of those redacted portions of the filings also shall not disclose them to any other employees of plaintiffs, except to (a) counsel of record in Northern District of California Case No. C 4:07-06346 CW and other attorneys, secretaries, assistants,

and employees of plaintiffs who work with counsel of record to the extent reasonably necessary to render professional services in that case or with respect to this Agreement, or (b) those to whom such disclosure is necessary to comply with the terms of this Agreement or an attorney to obtain legal advice or legal assistance with respect to this Agreement. Such a disclosure may be made to someone not a party to this Agreement only after that individual is informed of, and agrees to, the nondisclosure obligations imposed by this Agreement by endorsing a complete copy of this Agreement with his or her signature and the statement "I agree to be bound by the nondisclosure obligations imposed by this Settlement Agreement and consent to the personal jurisdiction of the U.S. District Court for the Northern District of California for purposes of enforcing the nondisclosure terms of the Agreement." Counsel for the respective parties shall retain copies of the Agreement so endorsed until such time as the FBI has permitted to expire the certification described in Paragraph 13 or the Court has set the certification aside as provided under Paragraphs 13 and/or 14.

5. Within three days of entry of the Court's order granting the parties' administrative motion described in paragraph 3, assuming the Court grants that motion, the parties shall stipulate and consent to the entry of an order dismissing, with prejudice, Northern District of California Case No. C 4:07-06346 CW, that also recites as follows: "Pursuant to the Agreement of the parties, as indicated by their signatures through counsel below, this action is dismissed with prejudice, provided, however, that the Court shall retain exclusive jurisdiction over this action for purposes of resolving any disputes that may arise in the future regarding the Settlement Agreement between the parties, its terms or the enforcement thereof."

6. Nothing in this Agreement prohibits plaintiffs from publicly discussing in good faith the services Internet Archive provides, the kinds of material that can generally be uploaded to Internet Archive, and the kinds of public and non-public

information it generally retains about those who access or upload materials to Internet Archive. Nothing in this Agreement prohibits plaintiffs from publicly disclosing that the NSL sought information about a user of the Archive.

7. Nothing in this Agreement prohibits plaintiffs from (1) acknowledging that they have seen the redacted portions of the Attachment provided with the NSL served on Internet Archive and (2) stating their view regarding whether the redacted portions of that Attachment describe only non-content information.

8. Plaintiffs may release and publicly discuss the contents of those portions of their letter to the FBI dated December 17, 2007, that are not redacted in the copy of the letter that is Exhibit C hereto. Plaintiffs shall keep confidential, and not publicly discuss, the information redacted from the letter that is Exhibit C. The individual employees of plaintiffs who have seen the content of those redacted portions of Exhibit C also shall not disclose them to any other employees of plaintiffs, except to (a) counsel of record in Northern District of California Case No. C 4:07-06346 CW and other attorneys, secretaries, assistants, and employees of plaintiffs who work with counsel of record to the extent reasonably necessary to render professional services in that case or with respect to this Agreement, or (b) those to whom such disclosure is necessary to comply with the terms of this Agreement or an attorney to obtain legal advice or legal assistance with respect to this Agreement. Such a disclosure may be made to someone not a party to this Agreement only after that individual is informed of, and agrees to, the nondisclosure obligations imposed by this Agreement by endorsing a complete copy of this Agreement with his or her signature and the statement "I agree to be bound by the nondisclosure obligations imposed by this Settlement Agreement and consent to the personal jurisdiction of the U.S. District Court for the Northern District of California for purposes of enforcing the nondisclosure terms of the Agreement." Counsel for the respective parties shall retain copies of the Agreement so endorsed until such time as the FBI has permitted to expire the

certification described in Paragraph 13 or the Court has set the certification aside as provided under Paragraphs 13 and/or 14.

9. This Agreement does not constitute, and may not be construed as, a determination or an admission of a violation of any law, rule, regulation, policy, or contract by defendants, the truth of any allegation made in this matter, or the validity of any claim asserted in this matter. This Agreement does not constitute, and may not be construed as, a determination or an admission that defendants are liable in this matter or that plaintiffs are a prevailing party.

10. This Settlement Agreement constitutes the entire agreement of the parties, and no prior statement, representation, agreement, or understanding, oral or written, that is not contained herein (including the exhibits thereto), will have any force or effect.

11. The parties and their counsel shall make every reasonable effort to remedy any disclosure of information redacted from the exhibits hereto (hereinafter "Protected Information"). However, nothing in this Agreement requires plaintiffs to oppose a motion by a non-party to unseal court records in this case.

12. If any Protected Information becomes public through an official and documented disclosure by the federal government or a disclosure by a non-party, plaintiffs shall be free to file a motion under seal for the Court to unseal the pertinent portions of the documents filed in Northern District of California Case No. C 4:07-06346 CW, after meeting and conferring with defendants. Defendants shall be free to oppose any such motion. If such portions are unsealed through a motion as described in this paragraph, plaintiffs may publicly disclose and discuss their contents.

13. On December 1, 2008, the nondisclosure requirement with respect to Protected Information shall cease, unless the Director of the FBI, or his designee in a position not lower than Deputy Assistant Director at FBI headquarters or a Special Agent in Charge in a FBI field office designated by the Director, certifies to the

Court that otherwise there may result a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person. If the Director or his designee so certifies, the nondisclosure requirements of this Agreement with respect to Protected Information shall continue for an additional year. If plaintiffs thereafter, and after meeting and conferring with defendants, request an additional certification each year following the prior certification, the certification described in this Paragraph may be made thereafter to continue the nondisclosure requirements from year to year, if necessary. If the Director or his designee so certifies, plaintiffs, after meeting and conferring with defendants, may, on or after December 1, 2012, ask the Court to modify or set aside the nondisclosure obligation with respect to Protected Information. Such a review by the Court under this Agreement would be conducted pursuant to the terms of 18 U.S.C. § 3511(b).

14. Notwithstanding paragraph 13 above, if the nondisclosure provisions of 18 U.S.C. § 2709 and/or 18 U.S.C. § 3511 are found unconstitutional or enjoined on First Amendment grounds by the U.S. Supreme Court or the U.S. Court of Appeals for the Ninth Circuit in a final, non-appealable order, or by another court of the United States in a final, non-appealable order that binds the FBI in the Northern District of California, the nondisclosure requirement with respect to Protected Information shall cease one year after the date of this Agreement, unless the Director of the FBI, or his designee in a position not lower than Deputy Assistant Director at FBI headquarters or a Special Agent in Charge in a FBI field office designated by the Director, certifies to the Court that otherwise there may result a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person, and the

Court determines that the non-disclosure requirement remains appropriate under the appropriate standard of review.

15. This Agreement may be enforced by the parties only through civil proceedings before the U.S. District Court for the Northern District of California, and such proceedings are the exclusive means for enforcing the Agreement. Any violation of this Agreement, including the release of Protected Information, may be considered by the Court for purposes of determining whether it should impose sanctions and/or for purposes of determining whether the matter should be referred for appropriate disciplinary proceedings.

16. This Settlement Agreement may not be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision be waived other than by a written waiver signed by the parties.

17. Each party shall bear its own fees and costs in Northern District of California Case No. C 4:07-06346 CW.

18. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

Dated April 21, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOSEPH P. RUSSONIELLO C.S.B.N. 44332
United States Attorney

SANDRA M. SCHRAIBMAN
Assistant Branch Director

*/s/ Steven Y. Bressler*

STEVEN Y. BRESSLER D.C. Bar #482492
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
(202) 514-4781 (telephone)
(202) 318-7609 (fax)

*Attorneys for Defendants*

*/s/ Melissa Goodman*

MELISSA GOODMAN N.Y. SB# 422433
JAMEEL JAFFER N.Y. SB# 3064201
L. DANIELLE TULLY N.Y. SB# 4334512
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004-2400
(212) 549-2500 (telephone)
(212) 549-2680 (fax)
mgoodman@aclu.org

ANN BRICK C.S.B.N. 65296
American Civil Liberties Union Foundation
 of Northern California, Inc.
39 Drumm St.
San Francisco, CA 94111
(415) 621-2493 (telephone)
(415) 255-8437 (fax)

CINDY COHN C.S.B.N. 145997
KURT OPSAHL C.S.B.N. 191303
MARCIA HOFMANN C.S.B.N. 250087
Electronic Frontier Foundation
454 Shotwell St.
San Francisco, CA 94110
(415) 436-9333 (telephone)
(415) 436 9993 (fax)

*Attorneys for Plaintiffs*